IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**GEORGE E. FISHER**
**and PHYLLIS B. FISHER,**
    **Plaintiffs,**

vs.                                         **Case No: 3:07cv266/RV/MD**

**CONSECO FINANCE CO., INC., et al.,[1]**
    **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiffs originally filed this action against defendants in the Circuit Court of Santa Rosa County Florida, on June 12, 2007 (doc. 1, attach. 1, ex. A). Defendants removed the case to this court on or about June 22, 2007 (doc. 1) and, on July 17, 2007 filed a pleading entitled "Motion To Stay Case And Compel Arbitration, Or In The Alternative, Motion To Dismiss Or For More Definite Statement, Or, At A Minimum, Motion To Join Green Tree-AL, LLC As A Defendant In This Matter" (doc. 7). The court issued an order on August 9, 2007 providing plaintiffs fourteen days in which to respond. (Doc. 17). To date, no response has been filed. After careful consideration of the record in this case, the undersigned concludes that this court lacks a proper basis for removal jurisdiction, that this matter should be remanded to the state court from which it was removed, and that all pending motions should be denied as moot.

---

[1] The named defendants are Conseco Finance Co., Inc.; Green Tree, Inc.; Green Tree, Inc. Corporate Legal Department; Green Tree Insurance Agency Inc.; Green Tree Servicing, LLC f/k/a/ Conseco Financing Service Corp. (Doc. 1, Attach. 1, Ex. A).

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs' complaint, although somewhat difficult to decipher, appears to assert: (1) state statutory claims for replevin (Complaint, ¶¶1-7, 9);[2] and (2) state statutory violations for defendants' alleged failures to comply with the Premium Finance Companies and Agreements provisions of Fla. Stat. § 627.843 (Complaint, ¶11), § 627.836 (Complaint, ¶12), and § 627.835 (Complaint, ¶13); the Insurance Contract provisions of Fla. Stat. § 627.407 (Complaint, ¶14); and the Unfair Insurance Trade Practices provisions of Fla. Stat. § 626.9541 (Complaint, ¶¶15-20), § 626.9892 (Complaint, ¶21), § 626.989 (Complaint, ¶¶22-23), and § 626.9571 (Complaint, ¶24). In the final three paragraphs of the complaint, plaintiffs mention, by way of listing section number and title, three federal criminal statutes: 18 U.S.C. § 641 (embezzlement of public money, property or records), § 642 (embezzlement of tools and materials for counterfeiting purposes) and § 1341 (mail fraud) (Complaint, ¶¶25-27). As relief, plaintiffs seek immediate possession of the property presently being detained by defendants, damages for defendants' retention of the property, and costs. Attached to the complaint are copies of a Notice of Assignment; a Manufactured Home Retail Installment Contract and Security Agreement; the opinion issued in the United States Court of Appeals for the Eleventh Circuit in *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249 (11th Cir. 2004);[3] and the statutes referenced in the complaint.[4]

---

[2]Although Florida's replevin statutes, Fla. Stat. 78.01 *et seq.*, are not expressly cited in the complaint, it is clear from the allegations set forth in these paragraphs that plaintiffs were attempting to comply with the statutory pleading requirements set forth in Fla. Stat. § 78.055.

[3]In *Blinco*, borrowers brought a proposed class action against their lender, alleging violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605. The district court denied the lenders' motion to compel arbitration, and denied the lenders' motion to stay proceedings pending appeal. The Eleventh Circuit held, as matter of first impression, that since the appeal was not frivolous, the lender was entitled to a stay. 366 F.3d at 1253.

[4]Plaintiffs attached copies of the federal mail fraud and embezzlement statutes, 18 U.S.C. §§ 1341-1345 and 18 U.S.C. §§ 657, 642 and copies of various state statutes, Fla. Stat. §§ 627.843, 627.836, 627.835, 627.827, 627.7011, 627.407, 626.9541, 559.785, 559.77, 559.730, 501.203, 626.9892, 626.989,

Defendants removed the case to this court, asserting that this court has original jurisdiction under the federal question statute, 28 U.S.C. § 1331, in that plaintiffs "make various claims pursuant to Federal law;" therefore "the entire action is removable pursuant to 28 U.S.C. § 1441(b) and (c)." (Doc. 1, Notice of Removal, pp. 2-3).

## DISCUSSION

The right to remove a case from state to federal court derives from the statutory grant of jurisdiction in 28 U.S.C. § 1441, which provides in relevant part:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).[5] The burden of establishing federal subject matter jurisdiction is on the party who removed the action from state court. Here, defendants assert that this case falls under the provisions of 28 U.S.C. § 1331 that: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." There is no allegation of diversity of

---

626.9641, 626.9571, and 626.9541.

[5]Section 1441(b) provides, in relevant part:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. . . .

Section 1441(c) provides:

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

citizenship between the parties, or that the jurisdictional amount in controversy is met.

As the Eleventh Circuit explained in *City of Huntsville v. City of Madison*, 24 F.3d 169 (11th Cir. 1994):

> Federal question jurisdiction may be based on a civil action alleging a violation of the United States Constitution, *see Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), or a federal cause of action established by a Congressionally-created expressed or implied private remedy for violations of a federal statute, *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 809, 106 S.Ct. 3229, 3233, 92 L.Ed.2d 650 (1986). In limited circumstances, federal question jurisdiction may also be available if a substantial, disputed question of federal law is a necessary element of a state cause of action. *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 12, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983).

24 F.3d 171-72 (footnote omitted).

Whether an action "arises under the Constitution, laws, or treaties of the United States" is governed by the well-pleaded complaint rule. *Behlen v. Merrill Lynch*, 311 F.3d 1087, 1090 (11th Cir. 2002). This rule provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Accordingly, in determining if a federal question exists, a district court will only consider what necessarily appears in a plaintiff's statement of his or her claim. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 809, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988).

In the instant case, defendants assert that plaintiffs invoked federal jurisdiction by specifically mentioning three federal criminal statutes in their complaint. Defendants thus consider it apparent that one or more of plaintiffs' claims arise under federal law. The undersigned disagrees. Assuming *arguendo* that plaintiffs are attempting to bring civil claims pursuant to 18 U.S.C. §§ 641, 642 and 1341, such claims are insufficient to impart jurisdiction to this court because there is no private civil right of action in these criminal statutes.

**A private individual may bring suit under a federal statute only when Congress intended to create, either expressly or by implication, a private right of action for civil parties in the statute.** *Touche Ross & Co. v. Redington*, **442 U.S. 560, 568, 99 S.Ct. 2479, 2485, 61 L.Ed.2d 82 (1979).  Rarely is there a private right of action under a criminal statute.** *Chrysler Corp. v. Brown*, **441 U.S. 281, 316, 99 S.Ct. 1705, 1725, 60 L.Ed.2d 208 (1979).  In determining whether Congress intended to create a private right of action in sections 641, 642 and 1341, the court first looks to the language of the statutes themselves.**

**The first statute, section 641, provides that whoever embezzles, steals, purloins or knowingly converts property of the United States is punishable by fine and imprisonment.[6]  The second statute, section 642, provides that whoever secretes or embezzles tools or materials that are kept by the United States and that could be used for counterfeiting is punishable by fine and imprisonment.[7]  The third**

---

[6]**Section 641, entitled "Public money, property or records," reads:**

> **Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof; or**
>
> **Whoever receives, conceals, or retains the same with intent to convert it to his use or gain, knowing it to have been embezzled, stolen, purloined or converted--**
>
> **Shall be fined under this title or imprisoned not more than ten years, or both; but if the value of such property in the aggregate, combining amounts from all the counts for which the defendant is convicted in a single case, does not exceed the sum of $1,000, he shall be fined under this title or imprisoned not more than one year, or both.**
>
> **The word "value" means face, par, or market value, or cost price, either wholesale or retail, whichever is greater.**

**18 U.S.C. § 641 (2005).**

[7]**Section 642, entitled "Tools and materials for counterfeiting purposes," reads:**

> **Whoever, without authority from the United States, secretes within, or embezzles, or takes and carries away from any building, room, office, apartment, vault, safe, or other place where the same is kept, used, employed, placed, lodged, or deposited by authority of the United States, any tool, implement, or thing used or fitted to be used in stamping or printing, or in making some other tool or implement used**

statute, section 1341, provides that whoever uses the mails to execute a scheme to defraud is punishable by fine and imprisonment.[8]  Sections 641, 642 and 1341 do not expressly create any civil liabilities or provide for any private cause of action.

An implied right of action will exist only where there is a factual basis for believing that Congress so intended.  *See Thompson v. Thompson*, 484 U.S. 174, 179, 108 S.Ct. 513, 516, 98 L.Ed.2d 512 (1988).  Defendants have not cited, nor has

---

> or fitted to be used in stamping or printing any kind or description of bond, bill, note, certificate, coupon, postage stamp, revenue stamp, fractional currency note, or other paper, instrument, obligation, device, or document, authorized by law to be printed, stamped, sealed, prepared, issued, uttered, or put in circulation on behalf of the United States; or
>
> Whoever, without such authority, so secretes, embezzles, or takes and carries away any paper, parchment, or other material prepared and intended to be used in the making of any such papers, instruments, obligations, devices, or documents; or
>
> Whoever, without such authority, so secretes, embezzles, or takes and carries away any paper, parchment, or other material printed or stamped, in whole or part, and intended to be prepared, issued, or put in circulation on behalf of the United States as one of such papers, instruments, or obligations, or printed or stamped, in whole or part, in the similitude of any such paper, instrument, or obligation, whether intended to issue or put the same in circulation or not--
>
> Shall be fined under this title or imprisoned not more than ten years, or both.

18 U.S.C. § 642 (2005).

[8]Section 1341, entitled "Frauds and swindles," reads:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined under this title or imprisoned not more than 20 years, or both. If the violation affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

18 U.S.C. § 1341 (2005).

this court found, any decision holding that the criminal statutes at issue carry an implied private right of action.  Nothing in the language, structure or legislative history of sections 641, 642 and 1341 implies that Congress intended to create anything more than criminal liability.  *See Thompson v. Thompson*, 484 U.S. at 179, 108 S.Ct. 513 (holding that a private remedy will not be implied unless legislative intent can be inferred from statutory language or elsewhere); *Touche Ross & Co. v. Redington, supra*.  In the absence of any basis for inferring an intent on the part of Congress to create a private remedy in sections 641, 642 and 1341, this court is not free to fashion one.[9]

## CONCLUSION

Based on the foregoing, the undersigned concludes that defendants have failed to establish a basis for federal question jurisdiction.  The only federal claims that could conceivably be deemed "apparent from the face of the complaint," are brought under 18 U.S.C. §§ 641, 642 and 1341.  Congress did not intend to create a private right of action for civil parties in these statutes; therefore, these claims do not provide a basis for subject matter jurisdiction.  As this case was improperly removed, it should be remanded to the state court from which it came.

Accordingly, it is respectfully RECOMMENDED:

1.  That the removal be DISMISSED as improper.

---

[9]Although the Eleventh Circuit has not expressly addressed the issue, other courts have concluded that the statutes at issue here do not provide a private right of action.  *See Chilkat Indian Village v. Johnson*, 870 F.2d 1469, 1472 (9th Cir. 1989) (noting that section 641 has never been held to create a private right of action); *see also, e.g., Walter T. Martin, Inc. v. Peoples Gas Light and Coke Co.*, 1986 WL 2089 (N.D. Ill. 1986) (unpublished opinion) (same); *Kathrein v. McGrath*, 166 Fed. Appx. 858, 863 (7th Cir. 2006) (finding no private cause of action for mail fraud under § 1341); *Jefferson v. United States*, 73 Fed. Appx. 262, 263 (9th Cir. 2003) (finding that § 1341 provides no private right of action); *Wisdom v. First Midwest Bank, of Poplar Bluff*, 167 F.3d 402, 408 (8th Cir. 1999) (holding that Congress did not intend to create a private right of action in enacting § 1341); *Official Publications, Inc. v. Kable News Co.*, 884 F.2d 664, 667 (2nd Cir. 1989) (same); *Ryan v. Ohio Edison Co.*, 611 F.2d 1170, 1178 (6th Cir. 1979) (finding the scant legislative history of the mail fraud statute to indicate an intent to punish dealers of fraudulent devices for using the United States mails, but not an intent to create a private right of action); *Bell v. Health-Mor, Inc.*, 549 F.2d 342, 346 (5th Cir. 1977) (finding no implied private remedy under § 1341).  Although in *Ayres v. GMC*, 234 F.3d 514, 519 (11th Cir. 2000), the Eleventh Circuit noted that § 1341 may be enforced through a private RICO action, this case is distinguishable from *Ayres* because unlike *Ayres*, the resolution of plaintiffs' right to relief does not depend entirely on the interpretation of the federal mail fraud statute.  234 F.3d at 517-18.

2.  That the clerk be directed to remand this case to the Circuit Court for Santa Rosa County, Florida, and close this file.

3.  That all pending motions be DENIED AS MOOT.

At Pensacola, Florida, this 11th day of September, 2007.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636;** *United States v. Roberts,* **858 F.2d 698, 701 (11th Cir. 1988).**